## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | NO. 4:19-CR-00276-ALM-KPJ |
| | § | |
| EDGAR AYALA-CALDERON (2), | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Ayala's Amended Emergency Motion to Release and Order House Arrest with Electronic Monitoring Pending Trial (the "Motion') (Dkt. 101), to which the Government filed a response (Dkt. 102), and Defendant filed a supplemental memorandum in support of the Motion (Dkt. 104).

Defendant Edgar Ayala-Calderon is charged in an Indictment out of the Eastern District of Texas with a violation of Title 21 U.S.C. § 846—Conspiracy to Possess with the Intent to Manufacture and Distribute Methamphetamine. *See* Dkt. 30. The charged offense carries a punishment of a term of not less than ten years and not more than life in imprisonment; a fine of not more than ten million dollars; and a term of supervised release of at least five years. *See* 21 U.S.C. § 841(b). On November 18, 2019, the Government moved to detain Defendant pursuant to Title 18 U.S.C. § 3142(f)(1). *See* Dkt. 34. A hearing was held on November 22, 2019, and Defendant was detained pending trial on December 4, 2019. *See* Dkt. 67.

As expounded upon in the Court's Order of Detention Pending Trial, pursuant to 18 U.S.C. § 3142(e)(3)(A), a rebuttable presumption exists in this case that no condition or combination of conditions will reasonably assure the safety of the community. *See United States v. Trosper*, 809 F.2d 1107, 1110 (5th Cir. 1987) (presumption against pretrial release arises based on indictment's allegations). In addition to the presumption, the very nature of drug offenses constitutes a danger

to the community, which may justify pretrial detention. *United States v. Morales*, No. 4:11CR3, 2011 WL 3651355, at *3 (E.D. Tex. Aug. 19, 2011) (citing *United States v. Royal*, 759 F. Supp. 1238 (E.D. Tex. 1990)); *see also United States v. Morris*, 608 F. App'x 299, 300 (5th Cir. 2015) (citing *United States v. Rueben*, 974 F.2d 580, 586 (5th Cir.1992)). Defendant did not rebut the presumption that there is no condition or combination of conditions on which Defendant could be released that would reasonably assure that Defendant would not pose a danger to the community. *See* Dkt. 67.

In the present Motion, Defendant requests release from the Bowie County Correctional Center due solely to the concerns related to the spread of the novel coronavirus ("COVID-19"). *See* Dkt. 101. Defendant highlights information related to COVID-19, including CDC declarations, statements of the Texas Governor, news reports, and the Texas Commission of Jail Standards. *See id.* at 1–2. Defendant argues that in light of the COVID-19 pandemic, because he has no criminal history and has a residence to which he could return, he should be released and placed on "house arrest" with electronic monitoring (with any other conditions seen fit by the Court). *See id.* at 2. Defendant contends that release to supervision by his family and the use of a global positioning system will ensure he is not a danger to the community, as well as his appearance in court. *See id.* at 2–3.

"A detention hearing 'may be reopened . . . if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.'" *United States v. Mathes*, 593 F. App'x 391, 392 (5th Cir. 2015) (citing 18 U.S.C. § 3142(f)(2)). In making a determination of whether there are conditions of release that will reasonably assure the appearance

of a defendant and the safety of the community, the court is to consider "(1) the nature and circumstances of the offense charged;" "(2) the weight of the evidence against the person:" "(3) the history and characteristics of the person;" and "(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

Defendant has offered no new information or evidence that has a material bearing on the issue of whether there are conditions of release that will reasonably assure his and the safety of any other person and the community. Importantly, Defendant has not demonstrated how general concerns related to COVID-19 apply specifically to his case; Defendant's general concerns about COVID-19 apply to every prisoner. Defendant's argument for release due to the inherent nature of detention, which applies to all prisoners, does not address either prong of the § 3142(f)(2) analysis, and fundamentally cannot be accomplished by the Court. *See United States v. Munguia*, No. 3:19-CR-191-B (03), 2020 WL 1471741, at *4 (N.D. Tex. Mar. 26, 2020) (denying reopening of issue of detention where the defendant's argument would be an argument for releasing all detainees); *see also United States v. Fitzgerald*, Case No. 2:17-cr-00295-JCM-NJK, 2020 WL 1433932, at *2 (D. Nev. Mar. 24, 2020) ("Defendant's argument . . . applies equally to anyone in custody or, for that matter, at the halfway house or anywhere else in this community or any other. Defendant's argument applies equally to every detainee in detention; however, the Court cannot release every detainee at risk of contracting COVID-19 because the Court would then be obligated to release every detainee. Therefore, the Court finds Defendant's COVID-19 argument unpersuasive.").

In considering pre-trial detention, courts are to consider the "history and characteristics of the person." 18 U.S.C. § 3142(g)(3). This factor includes an assessment of an individual's "family ties" and, more pertinent to the present issue, an individual's "physical and mental condition." *See*

*id*. Defendant has failed to demonstrate any physical or mental issue supporting release that is germane to him personally. Nevertheless, the Court endeavors herein to consider the issues presented by COVID-19 generally as to all detainees, including Defendant.

The Court undoubtedly recognizes the seriousness of the COVID-19 pandemic. The Chief Judge of the Eastern District (the "District") issued a Standing Order Regarding the Novel Coronavirus (COVID-19) on March 3, 2020, and General Order 20-03, Court Operations Under Exigent Circumstances Created by the COVID-19 Pandemic on March 16, 2020. These Orders reflect the Court's awareness of the ongoing crisis, including the presence of multiple confirmed cases of COVID-19 in the District, as well as efforts being taken toward promoting public health and defending against further spread of COVID-19.

The Government presents that on March 20, 2020, the District's Criminal Chief contacted a Supervisory Deputy with the District's United States Marshals, who reported that there are no confirmed or even suspected cases of COVID-19 at any of the pretrial holding facilities in the District and, specific to this case, none in the Bowie County Correctional Center where Defendant is currently detained. *See* Dkt. 102 at 2. The Government identified certain preventative measures presently in place at the Bowie County Correctional Center.[1] *See id.* at 2–3.

Moreover, the Court, on its own initiative, inquired in effort to confirm the extent to which the Bowie County Correctional Center is actively taking precautions regarding COVID-19. Records obtained by the Court demonstrate that LaSalle Corrections Facilities, which includes the

---

[1] The Government presents that the Bowie County Correctional Center has taken the following measures: (1) only housing moves within the facility are for security issues; (2) any prisoners entering or leaving the facility for any reason will have his or her temperature measured; (3) all staff, vendors, law enforcement, attorneys, jurisdiction officials have their temperature taken before entering the facility; (4) all vehicles are disinfected after each use; (5) all restraints are wiped down and disinfected before and after use; and (6) signage all over the facility reminds inmates and employees about basic hygiene and social distancing measures. Dkt. 102 at 2. Specifically, there are signs at all hand washing stations and signs throughout the facility posted on social distancing and how COVID-19 spreads and how to stay safe. *Id*.

Bowie County Correctional Center, have implemented policies and procedures specifically directed to address the COVID-19 pandemic. In particular, the Court notes that such policies address procedures for an intake assessment, medical isolation where there has been a risk of exposure to COVID-19, and notification of state and federal officials upon indication of possible COVID-19 cases. Additionally, Bowie County staff are required to wear medical-grade masks and all inmates have access to medical-grade masks (and may receive new masks on a daily basis pursuant to request). The Court has also reviewed similar protocols in place at the Fannin County Detention Center, wherein defendants indicted in the District are typically detained.

Though the Court does not have medical expertise from which to draw definitive conclusions regarding the sufficiency of particular policies and procedures undertaken by detention centers, the Court notes that Defendant has not presented any countervailing argument or evidence that adequate precautions are not being taken in the Bowie County Correctional Center. Moreover, Defendant has not presented convincing argument that Defendant's potential exposure to COVID-19 would be meaningfully limited upon release from detention. The Bowie County Correctional Center appears to be taking precautionary actions, and at the current time, there are no known positive inmate cases of COVID-19 or inmates with any symptoms of COVID-19 in the Bowie County Correctional Center. This stands in contrast to the District at large, wherein there have been multiple positive cases of COVID-19. Thus, considering the information before the Court, Defendant has not demonstrated that concerns related to COVID-19 raise new issues regarding his physical and mental condition. As such, Defendant has failed to meet his burden to demonstrate that the Court should reconsider the finding of detention.

Considering the rapid progress of information and change in circumstances related to the COVID-19 pandemic, the Court clarifies that release, or at least reopening of the issue of detention

*may* be justified in some specific situations related to the COVID-19 pandemic. For instructive purposes regarding the state of the law on this issue, the Court summarizes the relevant court decisions below.

Numerous courts, including the Fifth Circuit[2] and district courts within the Fifth Circuit, have found that pretrial release or reopening of detention proceedings was not warranted by the presented circumstances. *See, e.g., Munguia*, 2020 WL 1471741, at *4 (N.D. Tex. Mar. 26, 2020) (the defendant did not show how issues related to COVID-19 related to him particularly); *United States v. Kerr*, No. 3:19-CR-296-L, 2020 WL 1529180, at *4 (N.D. Tex. Mar. 31, 2020) (the defendant failed to meet his obligation to demonstrate an exceptional circumstance existed to warrant his release under 18 U.S.C. § 3145(c), and in particular made no assertion that he had an underlying health condition that made him more susceptible to contracting COVID-19 than other detainees); *United States v. Dodd*, No. 20-CR-0016 (NEB/HB), 2020 WL 1547419, at *3 (D. Minn. Apr. 1, 2020) (the defendant did not present new, particularized information that would shift consideration of the 18 U.S.C. § 3142(g) factors); *United States v. Chambers*, No. 20-CR-135 (JMF), 2020 WL 1530746, at *1 (S.D.N.Y. Mar. 31, 2020) (the defendant posed too great a danger to the community to justify his release and failed to demonstrate that release was necessary for the preparation of his legal defense); *United States v. Sanders*, No. 19-20037-01-DDC, 2020 WL 1528621, at *3 (D. Kan. Mar. 31, 2020) (release was denied because no condition or combination of conditions would assure the safety of others and the community, the defendant did not make more than speculative arguments that the risk for COVID-19 was greater in prison than upon release, and the defendant made general arguments without showing any "elevated personal risk

---

[2] *United States v. Anderson*, No. 19-10963 (5th Cir. Mar. 23, 2020), ECF Doc. 00515354663.

factors for COVID-19"); *United States v. Marte*, No. 19-CR-795 (SHS), 2020 WL 1505565, at *1 (S.D.N.Y. Mar. 30, 2020) (similar).[3]

Several courts have, however, granted requests for release based on specific considerations. *See, e.g., United States of America v. Shakeil Chandler*, No. 1:19-CR-867 (PAC), 2020 WL 1528120, at *2 (S.D.N.Y. Mar. 31, 2020) (releasing the defendant where "extraordinary burdens" imposed by the COVID-19 pandemic, in conjunction with need to prepare a legal defense presented a "compelling reason" for release under 18 U.S.C. § 3142(i), but noting that the order pertained to the defendant's particular circumstances and "should not be construed as a determination … that pretrial detention is unsafe or otherwise inappropriate as a general matter or in any other specific case") (citing *United States v. Perez*, No. 19 Cr. 297 (PAE), amended order at 1 (S.D.N.Y. Mar. 19, 2020) (granting release "based on the unique confluence of serious health issues and other risk factors facing this defendant, including but not limited to the defendant's serious progressive lung disease and other significant health issues, which place him at a substantially heightened risk of dangerous complications should be contract COVID-19 as compared to most other individuals")); *United States v. Hernandez*, No. 19 CR. 169 (VM), 2020 WL 1503106, at *1 (S.D.N.Y. Mar. 30, 2020) (granting temporary release based on, "among other

---

[3] *See also, denying release, United States v. Aiad-Toss*, No. 4:19-CR-00521, 2020 WL 1514482, at *2 (N.D. Ohio Mar. 30, 2020); *United States v. Loveings*, No. CR 20-51, 2020 WL 1501859, at *4 (W.D. Pa. Mar. 30, 2020); *United States v. Smoot*, No. 2:19-CR-20, 2020 WL 1501810, at *4 (S.D. Ohio Mar. 30, 2020); *United States v. Lee*, No. 19-CR-20112-03, 2020 WL 1540207, at *4 (E.D. Mich. Mar. 30, 2020); *United States v. Beamon*, No. CR 19-570, 2020 WL 1540511, at *1 (D. Md. Mar. 30, 2020); *United States v. Jones*, No. 2:19-CR-00249-DWA, 2020 WL 1511221, at *4 (W.D. Pa. Mar. 29, 2020); *United States v. Woods*, No. 19-CR-20112-02, 2020 WL 1493488, at *4 (E.D. Mich. Mar. 28, 2020); *United States v. Bastianelli*, No. CR 17-305, 2020 WL 1493559, at *2 (W.D. Pa. Mar. 27, 2020); *United States v. Snowden*, No. 19-CR-40081-JPG, 2020 WL 1492684, at *2 (S.D. Ill. Mar. 27, 2020); *United States v. Green*, No. CR 19-85, 2020 WL 1493561, at *2 (W.D. Pa. Mar. 27, 2020); *United States v. Hearns*, No. 1:20-CR-110, 2020 WL 1493747, at *4 (N.D. Ohio Mar. 27, 2020); *United States v. Cox*, No. 219CR00271RFBVCF, 2020 WL 1491180, at *7 (D. Nev. Mar. 27, 2020); *United States v. Taylor*, No. 5:19-CR-192-KKC-MAS, 2020 WL 1501997, at *5 (E.D. Ky. Mar. 26, 2020); *United States v. Green*, No. 8:19-CR-304-T-17SPF, 2020 WL 1477679, at *2 (M.D. Fla. Mar. 26, 2020); *United States v. Bonafe*, No. 19-CR-862 (VEC), 2020 WL 1467146, at *1 (S.D.N.Y. Mar. 26, 2020); *United States v. Steward*, No. S1:20CR0052 (DLC), 2020 WL 1468005, at *1 (S.D.N.Y. Mar. 26, 2020); *United States v. Johnson*, No. 19-CR-20437-01, 2020 WL 1474397, at *4 (E.D. Mich. Mar. 26, 2020); *United States v. Clark*, No. 19-40068-01-HLT, 2020 WL 1446895, at *8 (D. Kan. Mar. 25, 2020).

things, the unique confluence of serious health issues and other risk factors facing [the] defendant, including the defendant's age (64 years old), asthma, and high blood pressure, which place him at a substantially heightened risk of dangerous complications should he contract COVID-19 as compared to most other individuals"); *United States v. Kennedy*, No. 18-20315, 2020 WL 1493481, at *5 (E.D. Mich. Mar. 27, 2020) (release was "necessary in order to allow [the defendant] to adequately prepare and consult with defense counsel"); *United States v. Stephens*, No. 15-CR-95 (AJN), 2020 WL 1295155, at *3 (S.D.N.Y. Mar. 19, 2020) (granting release where (1) preparation of the defendant's legal defense being hampered by detention conditions resulting from the COVID-19 health crisis was a "compelling reason" for release under 18 U.S.C. § 3142(i); and (2) upon a reevaluation of the original reasons for detention, the defendant demonstrated by clear and convincing evidence that he did not pose a danger to the community); *United States v. Ramos*, No. 18-CR-30009-FDS, 2020 WL 1478307, at *2 (D. Mass. Mar. 26, 2020) (defendant with severe asthma and diabetes could be released where the defendant could not travel without a significant risk due to COVID-19of exposure and would be unlikely to commit further criminal activity which required in-person contact); *United States v. Michaels*, No. SACR 16-76-JVS, 2020 WL 1482553, at *1 (C.D. Cal. Mar. 26, 2020) (court granted temporary release 18 U.S.C. § 3142(i) for two "compelling reasons": (1) that the defendant was "of an age and ha[d] medical conditions that place[d] him in the group most susceptible to [COVID-19];" and (2) the effect of COVID-19 in California); *United States v. Little*, No. S3 20 CR 57(GBD), 2020 WL 1439979, at *3 (S.D.N.Y. Mar. 24, 2020) (release granted where the defendant was denied adequate treatment of her medical condition and the prison had not met the most basic recommendations of the CDC to prevent the spread of COVID-19).

For the reasons set forth herein, it is **ORDERED** that Defendant Ayala's Amended Emergency Motion to Release and Order House Arrest with Electronic Monitoring Pending Trial (Dkt. 101) is **DENIED**.

**So ORDERED and SIGNED this 8th day of April, 2020.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE